No. 17-0080 – *Miller v. Allman*

FILED
April 6, 2018
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WALKER, J., dissenting:

The majority opinion, among other things, endorses a jury instruction that creates a new exception to the clear statutory duty of a citizen to yield the right of way to an approaching emergency vehicle. The new syllabus point adopted by this Court is contrary to the clear language of West Virginia Code §17C-9-5 (Repl. Vol. 2017) and is nothing short of legislating from the bench.

Under the guise of a plain meaning analysis, the majority effectively modifies West Virginia Code §17C-9-5 to limit the duty to yield to a driver's subjective perception of an approaching emergency vehicle. The governing statute provides in relevant part:

> *Upon the immediate approach of an authorized emergency vehicle equipped with at least one flashing lighted lamp* of a color authorized by section twenty-six, article fifteen of this chapter, which is visible under normal atmospheric conditions form a distance of five hundred feet to the front of such vehicle other than a police vehicle when operated as an authorized emergency vehicle, *and when the driver is giving audible signals by siren, exhaust, whistle, or bell*:
>
> (1) *The driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop* and remain in such position until the authorized emergency vehicle

1

has passed, except when otherwise directed by a police officer.
. . . [1]

I agree with the majority that this statute is clear and unambiguous; however, I find that the statute imposes merely an objective perception requirement rather than a subjective one. That is, once an approaching emergency vehicle has activated its lights and siren, surrounding drivers are deemed to have constructive notice of the vehicle. Therefore, the trial court's instruction, which limited the duty to yield to a driver's subjective perception,[2] is clear error as it does not accurately reflect the law and has the reasonable potential to

---

[1] W. Va. Code §17C-9-5(a)(1) (Emphasis added).

[2] The instruction given by the trial court stated:

> Upon the immediate approach of an authorized emergency vehicle, such as a police car, operating emergency lights and siren, West Virginia Code §17C-9-5 requires that the driver of every other vehicle shall yield the right-of-way, and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
>
> *The required compliance with that code section is contingent upon the other vehicle driver having the opportunity to perceive, see or hear, the approaching police car. That other driver is not expected to yield and pull over in response to the approach of an emergency vehicle if that driver does not see or hear the emergency vehicle within sufficient time to react as required by law.* Also, the emergency vehicle law does not operate to the driver of a police car, regardless of his lights and siren, from the duty to drive with due regard for the safety of all person using the highway.

(Emphasis added).

2

mislead the jury as to the correct legal principle.[3]

The majority also misapplies our prior decision in *Davis v. Cross*.[4] The issue in *Davis*, which involved a collision between an emergency vehicle and a motorcycle, was whether the operator of the emergency vehicle had activated the siren and lights, thereby excusing him by statute[5] from observing a stop sign. The plaintiff in that case, who was

---

[3] *State v. Miller*, 197 W. Va. 588, 607, 476 S.E.2d 535, 554 (1996).

[4] *Davis v. Cross*, 152 W. Va. 540, 164 S.E.2d 899 (1968).

[5] The statute primarily at issue in *Davis* was West Virginia Code § 17C-2-5 (1951), which stated as follows:

> (a) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

> (b) The driver of an authorized emergency vehicle may:

> (1) Park or stand, irrespective of the provisions of this chapter;

> (2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

> (3) Exceed the speed limits so long as he does not endanger life or property;

> (4) Disregard regulations governing direction of movement of turning in specified directions.

> (c) The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of any said vehicle

driving the motorcycle, and one other witness testified that they did not hear the siren or see the lights. Several other witnesses — including the emergency vehicle operator — testified that the lights and siren were activated. We stated, "it must be shown by a clear preponderance of the evidence that he [operator of the emergency vehicle], immediately prior to and at the time of the collision, was sounding an audible signal. Also, the evidence must reveal that the vehicle was equipped with and displayed a red light visible from a distance of five hundred feet to the front of such vehicle."[6] We further observed in language directly on point to the current issue that once the lights and siren were activated, the emergency vehicle operator

> [H]ad a right to believe that other drivers in the area would observe the provisions of Code, 1931, 17C-9-5, as amended. That statute provides, in effect, that upon the immediate approach of an authorized emergency vehicle properly equipped and operated with the required audible signal and lights, the driver of every other vehicle shall yield the right of

---

> while in motion sounds audible signal by bell, siren, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted flashing lamp as authorized by section twenty-six, article fifteen of this chapter which is visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a warning light visible from in front of the vehicle.
>
> (d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

[6] *Id.* at 544, 164 S.E.2d at 902.

way and stop until such emergency vehicle has passed. This the plaintiff failed to do, even though all of the positive evidence in the record showed unequivocally that the vehicle driven by the defendant sounded an audible signal and exhibited the necessary red lights.[7]

This observation directly negates the majority's conclusion regarding the jury instruction in this case and its new point of law. Not only did the jury instruction misstate the appropriate legal standard, but also it was prejudicial to Officer Miller as it prevented the jury from determining whether Mr. Allman should have observed the emergency vehicle's lights and siren with sufficient time to react and whether Mr. Allman should have yielded to the emergency vehicle. Additionally, it rendered meaningless the testimony of several eyewitnesses who testified that they saw and heard the emergency vehicle.

Accordingly, I would reverse and remand for a new trial with direction to correct the instruction.

---

[7] *Id.* at 546-47, 164 S.E.2d at 903.